## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **MARC W. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV-17-** 802-R |
| | ) | |
| 1.   **O&M RESTAURANT GROUP, INC.** | ) | |
|     **d/b/a BURGER KING, and** | ) | |
| 2.   **O&M RESTAURANT SOUTH, LLC** | ) | |
|     **d/b/a BURGER KING,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Marc W. Smith, and for his Complaint against the

Defendants alleges and states as follows:

## PARTIES

1.     The Plaintiff is Marc W. Smith, an adult male resident of Canadian County,

Oklahoma.

2.     The Defendants are:

(a)     O&M Restaurant Group, Inc. d/b/a Burger King, an entity doing

business in and around Canadian County, Oklahoma; and

(b)     O&M Restaurant South, LLC d/b/a Burger King,  an entity doing

business in and around Canadian County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with

Defendants and is based on the following claims: (a) gender discrimination, sexual

harassment, creation of a sexually hostile work environment and retaliation in violation of

Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (b) retaliation for

opposition to unlawful employment practices and for participation in an investigation of

1

discriminatory practices in violation of Title VII; and (c) age discrimination in violation of the Age Discrimination in Employment Act.

4.     Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5.     Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing with the Equal Employment Opportunity Commission ("EEOC") on or about November 2, 2016.   Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated June 7, 2017, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6.     Defendants are located and doing business in Canadian County and all acts complained of occurred in or around Canadian County.   Canadian County is located within the Western District of the United States District Court of Oklahoma.   Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.     Marc W. Smith began his employment with Defendants in or around February 2016 as a General Manager at Defendants' Yukon, OK location.   In this role, Smith was the highest ranking employee at the location supervising approximately thirty-five (35) employees. Smith had hiring and firing authority over these individuals.

8.     On or about June 20, 2016, Smith received complaints of sexually offensive conduct from three (3) employees.   Particularly, the employees reported that Assistant General Manager Melissa Cochran (believed to be in her 20s) and Shift Leader Jessica (last name unknown) (Cochran's stepdaughter; believed to be in her 20s) were imitating a sexual act by humping each other in the management office.   While doing this, Cochran exclaimed "how's this for f**king sexual harassment?"

9.     The other employees were highly disturbed by this conduct and reported it to Smith.  Smith immediately began investigating the employees' complaints, and obtained video from Defendants' security system which corroborated the employees' complaints.

10.     On or about June 21, 2016, while conducting further investigation into the sexual harassment complaints, employees told Smith that Cochran engaged in inappropriate touching at work, including but not limited to grabbing employees by their hips and slapping their buttocks.   Smith asked each of the employees to submit a written statement regarding the incidents.

11.     On or about June 22, 2016, after receiving the employees' written statements, Smith emailed the complaints and videos to Vice President of Operations Tim Morgan. Smith further submitted his own written statement related to an incident wherein Cochran laid her head on Smith's shoulder and put her arm around Smith's back.  Smith indicated that he told Cochran not to do this and that the touching made Smith uncomfortable.

12.     On or about June 23, 2016, Smith met with Morgan, and was later joined by CEO David Ostrowe, to discuss the complaints and his investigation.  During the meeting, Morgan chastised Smith for conducting an investigation, stating it was not Smith's place to do the investigation.  Morgan further questioned why Smith did not report the allegations to him on June 20, and why Smith had not previously reported Cochran's inappropriate behavior toward Smith.

13.     Smith told Morgan that he reviewed Defendants' handbook after he received the employee complaints for guidance as to how to handle the complaints.  Following his review, Smith felt it was his responsibility to investigate the complaints before notifying his supervisors, and that he needed to determine which member of management he should report it to.  Smith told Morgan and Ostrowe that he believed it was unlawful for him not to initiate

an investigation of the complaints, and that he sent in the complaint once he confirmed through video the employees' account of what happened and completed the investigation.

14.     Despite Smith's explanation, Ostrowe told Smith that he could resign or be terminated, allegedly because Smith violated company policy by not immediately reporting the sexual harassment to Morgan or Ostrowe.  However, the policies provided to Smith did not specify the timing in which an employee must make such a report.  Thus, Smith asked Morgan to direct him to the policy which provides a time frame in which employees were to report such harassment.  In response, Ostrowe yelled at Smith "you don't resign, you're fired."  Thus, Smith was terminated from his employment on or about June 23, 2016.

15.     The reason for Smith's termination was retaliation for his opposition to sexual harassment in the workplace and his investigation of employees' sexual harassment complaints.

16.     Upon information and belief, Cochran and Jessica remain employed with Defendants.

17.     Upon information and belief, Smith was replaced by a significantly younger female.

18.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I - Title VII (Gender)

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination, harassment, the creation of a sexually hostile work environment, and retaliation.

4

20.     Plaintiff is entitled to relief under Title VII because he was qualified for his job, was terminated, and his position was not eliminated following his termination.

21.     Moreover, Plaintiff is entitled to relief under Title VII for sexual harassment and creation of a hostile work environment because he was subjected to physical conduct of a sexual nature, the conduct was unwelcome, and the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

22.     Plaintiff is further entitled to relief under Title VII for retaliation because he engaged in protected activity (both opposing unlawful acts in the workplace and participating in an investigation of a Title VII violation), he suffered adverse actions subsequent to the protected activity, and a causal link exists (based on *inter alia* the timing of the events) between the protected activity and adverse actions.

23.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

24.     Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - Retaliation

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and  states as follows:

25.     The acts above-described constitute retaliation for opposition to unlawful employment practices and participation in an investigation of such unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

26.     Plaintiff is further entitled to relief under Title VII for retaliation because he engaged in protected activity (i.e. reporting and investigating sexual harassment), he was terminated due to the protected activity; and a causal link exists (based on *inter alia* the

timing of the events) between the protected activity and adverse actions.

27.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

28.     Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III - ADEA

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

30.     Plaintiff is entitled to relief because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, was discharged, and his position was not eliminated after his termination.

31.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, back pay, front pay, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 27th day of July, 2017.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**